UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VELARDE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNION CITY POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 13-cv-04011-JD<br><br>**ORDER RE MOTION TO SEAL**<br>Re: Dkt. No. 43 |

On October 14, 2015, plaintiffs filed an administrative motion to seal four declaration exhibits, all filed in support of plaintiffs' opposition to defendants' motion for summary judgment (Dkt. No. 33). *See* Dkt. No. 43 (requesting to seal exhibits G and J to the declaration of Jannik Catalano (Dkt. No. 43-5) and Exhibits C and D to the Andy Falco Jimenez declaration (Dkt. No. 43-6). The exhibits contain copies of Union City Police Department policies. Plaintiffs asked the Court to seal the documents because they "contain[] and refer[] to confidential information concerning Defendants' internal policies," and "are designated 'CONFIDENTIAL' under the terms of the protective order entered by the Court." Dkt. No. 43-1 at ¶¶ 2-5. On October 19, 2015, defendants filed a declaration in support of sealing the documents largely on the same grounds. Dkt. No. 45 at ¶¶ 3-4.

The Court cannot grant the request to seal on the current papers submitted by the parties. In our circuit, a "strong presumption of access to judicial records" applies to "dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). This presumption reflects the policy that "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id*. (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289,

1294 (9th Cir. 1986)). Accordingly, "compelling reasons" must be shown to justify sealing documents filed in connection with a dispositive motion, even if the documents were previously filed under seal or disseminated under a blanket protective order. *Id.* at 1179, 1182.

The parties have not shown "compelling reasons" to seal the four exhibits. It is not enough that the documents were marked "confidential" under the terms of a stipulated protective order in this case, or that they contain "internal policies" of the police. *See id.* at 1185 ("We do not readily add classes of documents to this category simply because such documents are usually or often deemed confidential … Simply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access").

Consequently, the Court temporarily denies the motion to seal. Defendants may file a supplemental declaration no later than Monday, October 26, 2015, stating the compelling reasons they believe warrant sealing. If a supplemental declaration is filed, the Court will take those arguments under submission. If no supplemental declaration is filed, plaintiffs may file the documents in the public record on or after October 28, 2015.

The Court advises the parties that it will deny any pending or future motion for sealing of summary judgment documents that does not comply with governing law. *See, e.g.*, Dkt. No. 46 (pending motion to file under seal).

**IT IS SO ORDERED.**

Dated: October 21, 2015

_____
JAMES DONATO
United States District Judge

2