UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VELARDE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNION CITY POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-04011-JD<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

The Court will read these preliminary instructions to the jury that is seated after voir dire on December 7, 2015.

**IT IS SO ORDERED.**

Dated: December 4, 2015

_____
JAMES DONATO
United States District Judge

**JURY INSTRUCTION NO. 1**

**(Duty of Jury)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authorities: Model Ninth Circuit Jury Instruction No. 1.1A.

**JURY INSTRUCTION NO. 2**

**(Claims and Defenses)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs Aaron, Devin, Arthur, and/or Heide Velarde claim: (1) excessive force under the Fourth Amendment to the U.S. Constitution; (2) state-law assault; (3) state-law battery by a peace officer; and (4) negligence.  Aaron, Devin, Arthur, and/or Heide Velarde have the burden of proving these claims.

Plaintiff Heide Velarde also claims arrest without probable cause and violation of Civil Code 52.1. Heide Velarde has the burden of proving this claim.

Defendants Officer Andrew Gannam, Officer Brian Baumgartner, Officer Michael Mahaney, and Officer James Martin deny these claims.

Authorities: Model Ninth Circuit Jury Instruction No. 1.2.

# JURY INSTRUCTION NO. 3

### (Burden of Proof - Preponderance of the Evidence)

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

Authorities: Model Ninth Circuit Jury Instruction No. 1.3.

**JURY INSTRUCTION NO. 4**

**(What is Evidence)**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

Authorities: Model Ninth Circuit Jury Instruction No. 1.6.

# JURY INSTRUCTION NO. 5

### (What is Not Evidence)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authorities:   Model Ninth Circuit Jury Instruction No. 1.7.

# JURY INSTRUCTION NO. 6
## (Direct and Circumstantial Evidence)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authorities: Model Ninth Circuit Jury Instruction No. 1.9.

# JURY INSTRUCTION NO. 7
## (Ruling on Objections)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authorities: Model Ninth Circuit Jury Instruction No. 1.10.

# JURY INSTRUCTION NO. 8

**(Credibility of Witnesses)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authorities: Model Ninth Circuit Jury Instruction No. 1.11.

# JURY INSTRUCTION NO. 9

### (No Transcript Available to Jury)

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authorities: Model Ninth Circuit Jury Instruction No. 1.13.

# JURY INSTRUCTION NO. 10

### (Taking Notes)

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authorities: Model Ninth Circuit Jury Instruction No. 1.14.

# JURY INSTRUCTION NO. 11

### (Outline of Trial)

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authorities: Model Ninth Circuit Jury Instruction No. 1.19.

**JURY INSTRUCTION NO. 12**

**(Conduct of Jury; Use of Electronic Technology to Conduct Research On or Communicate About a Case)**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, or the individuals involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, tablets, Blackberries, the internet and other electronic communication tools.  You must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube.  You may not use any similar technology or social media, even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

Authorities: Judicial Conference Committee on Court Administration and Case Management Proposed Model Jury Instruction on the Use of Electronic Technology to Conduct Research on or Communicate about a Case, available at http://www.uscourts.gov/file/18041/download.

# JURY INSTRUCTION NO. 13

### (Cautionary Instruction - First Recess)

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, Blackberry, iPhone, text messaging, or through any blog, website, app, or any other kind of social media.  If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my courtroom deputy, Ms. Clark, to give to me.

Authorities: Ninth Circuit Model Criminal Jury Instruction 2.1.