UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VELARDE, et al., | Case No. 13-cv-04011-JD |
| Plaintiffs, | |
| v. | **REVISED FINAL JURY INSTRUCTIONS** |
| UNION CITY POLICE DEPARTMENT, et al., | |
| Defendants. | |

The Court gives these revised final instructions to the jury, following consultation with the parties and resolution of all conflicts.

**IT IS SO ORDERED.**

Dated: December 11, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1:  DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law.

A copy of these instructions will be available in the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2:  WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3:  WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

 (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 4: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 5:  EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

6

**JURY INSTRUCTION NO. 6:  CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 7:  STIPULATION OF FACTS

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

1.      At approximately 11:30 p.m. on September 6, 2009, Union City police officers Michael Mahaney and Andrew Gannam had an encounter with Aaron Velarde and Devin Velarde in front of 33244 4th Street, Union City, CA (the Velarde family home).

2.      Officers Mahaney and Gannam were in separate police cars; Aaron and Devin Velarde were in the same vehicle. An altercation began between the officers and the Velardes after the Velardes stepped out of their car.

3.      Aaron and Devin are brothers; they are the adult children of Heide and Arthur Velarde.

4.      Officers Mahaney and Gannam attempted to take Aaron and Devin Velarde into custody.

5.      At some point during the incident, Officer Mahaney had an encounter with Arthur Velarde.

6.      At some point during the incident, Union City police officers Brian Baumgartner and James Martin arrived on-scene.

7.      Baumgartner and Martin had an encounter with Heide Velarde, during which a police dog was deployed.

8.      Heide Velarde was bit by the police dog. She incurred incident-related medical care in the amount of $4,947.10.

9.      Officers Mahaney, Gannam, Baumgartner, and Martin were all acting in the course and scope of their duties as police officers during the incident.

8

**JURY INSTRUCTION NO. 8:  BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

9

**JURY INSTRUCTION NO. 9:  SECTION 1983 CLAIM -- INTRODUCTORY INSTRUCTION**

Heide Velarde brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10:  SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY -- ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her respective § 1983 claims against defendants, Ofc. Brian Baumgartner and Ofc. James Martin, plaintiff Heide Velarde must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of law; and

2. the acts of Ofc. Brian Baumgartner and/or Ofc. James Martin deprived plaintiff Heide Velarde of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

The parties have stipulated that Ofc. Brian Baumgartner and/or Ofc. James Martin acted under color of law.

If you find Heide Velarde has proved each of these elements, and if you find that Heide Velarde has proved all the elements she is required to prove under later instructions, your verdict should be for Heide Velarde.  If, on the other hand, Heide Velarde has failed to prove any one or more of these elements, your verdict should be for the defendants.

**JURY INSTRUCTION NO. 11: SECTION 1983 -- CAUSATION**

In order to establish that the acts of the defendants, Ofc. Brian Baumgartner and/or Ofc. James Martin, deprived Heide Velarde of particular rights under the United States Constitution as explained in earlier instructions, Heide Velarde must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of her rights as to be the moving force that caused the ultimate injury.

**JURY INSTRUCTION NO. 12:  FOURTH AMENDMENT USE-OF-FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making an arrest or detaining a person. Thus, in order to prove an unreasonable seizure in this case, Heide Velarde must prove by a preponderance of the evidence that Ofc. Brian Baumgartner and/or Ofc. James Martin used excessive force when they encountered the plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer(s) used excessive force in this case, consider all of the circumstances known to the officer(s) on the scene, including:

1.      The severity of the crime or other circumstances to which Ofc. Brian Baumgartner and/or Ofc. James Martin were responding;

2.      Whether Heide Velarde posed an immediate threat to the safety of the officer(s) or to others;

3.      Whether Heide Velarde was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which Ofc. Brian Baumgartner and/or Ofc. James Martin had to determine the type and amount of force that appeared to be necessary;

5.      The type and amount of force used;

6.      The availability of alternative methods;

7.      The feasibility of Ofc. Brian Baumgartner and/or Ofc. James Martin of giving an audible warning before using force.

1

**JURY INSTRUCTION NO. 13:  WARNINGS**

2
3
4
5

Warnings are not required to be given by officers in order for the force to be objectively reasonable. When feasible, warnings should be given where the use-of-force may result in serious injury. The feasibility of a warning is one factor to consider in deciding whether excessive force was used.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 14:  STATE LAW ASSAULT**

Heide Velarde claims that Ofc. Brian Baumgartner and/or Ofc. James Martin assaulted her by using unreasonable force against her.  To establish this claim, Heide Velarde must prove all of the following:

1. That Ofc. Brian Baumgartner and/or Ofc. James Martin acted, intending to cause harmful contact;

2. That Heide Velarde reasonably believed that she was about to be touched in a harmful manner;

3. That Heide Velarde did not consent to Ofc. Brian Baumgartner and/or Ofc. James Martin's conduct;

4. That Heide Velarde was harmed; and

5. That Ofc. Brian Baumgartner and/or Ofc. James Martin's conduct was a substantial factor in causing Heide Velarde's harm.

A touching is offensive if it offends a reasonable sense of personal dignity.

Words alone do not amount to an assault.

**JURY INSTRUCTION NO. 15:  STATE LAW BATTERY**

Heide Velarde claims that Ofc. Brian Baumgartner and Ofc. James Martin harmed her by using unreasonable force when they encountered her. To establish this claim, Heide Velarde must prove all of the following:

1. That Ofc. Brian Baumgartner and/or Ofc. James Martin intentionally touched Heide Velarde;

2. That Ofc. Brian Baumgartner and/or Ofc. James Martin used unreasonable force against Heide Velarde;

3. That Heide Velarde did not consent to the use of that force;

4. That Heide Velarde was harmed; and

5. That Ofc. Brian Baumgartner and/or Ofc. James Martin's use of unreasonable force was a substantial factor in causing Heide Velarde's harm.

A peace officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the peace officer is mistaken, a person being arrested or detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

In deciding whether Ofc. Brian Baumgartner and/or Ofc. James Martin used unreasonable force, you must determine the amount of force that would have appeared reasonable to a peace officer in Ofc. Brian Baumgartner and/or Ofc. James Martin's position under the same or similar circumstances. You should consider, among other factors, the following:

(a) The seriousness of the crime at issue;

(b) Whether Heide Velarde reasonably appeared to pose an immediate threat to the safety of Ofc. Brian Baumgartner and/or Ofc. James Martin or others; and

(c) Whether Heide Velarde was actively resisting arrest or attempting to evade arrest.

**JURY INSTRUCTION NO. 16:  STATE LAW INTENT**

  Ofc. Brian Baumgartner and/or Ofc. James Martin acted intentionally if they intended to assault Heide Velarde or commit a battery against Heide Velarde, or if they were substantially certain that assault or battery would result from their conduct.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 17:  SECTION 1983 UNREASONABLE ARREST**

As previously explained, Heide Velarde has the burden to prove that the acts of the defendants Ofc. Brian Baumgartner, and/or Ofc. James Martin deprived Heide Velarde of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant offices deprived her of her rights under the Fourth Amendment to the Constitution when they arrested her on September 5, 2009.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. In order to prove the defendants deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      Ofc. Brian Baumgartner and/or Ofc. James Martin seized the plaintiff's person;

2.      in seizing the plaintiff's person, Ofc. Brian Baumgartner and/or Ofc. James Martin acted intentionally; and

3.      the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

1.      the number of officers present;

2.      whether weapons were displayed;

3.      whether the encounter occurred in a public or nonpublic setting;

4.      whether the officer's manner would imply that compliance would be compelled; and

5.      whether the officers advised the plaintiff that she was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to engage in the act[s] that

18

caused a seizure of the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18:  SECTION 1983 UNREASONABLE ARREST --
PROBABLE CAUSE**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer[s] had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, Heide Velarde must prove by a preponderance of the evidence that she was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under California law, it is a crime to resist, delay, or obstruct a police officer in the lawful exercise of his duties.

Under California law, it is a crime to willfully and unlawfully use force and violence against a police officer engaged in the performance of his duties.

## JURY INSTRUCTION NO. 19:  STATE LAW FALSE ARREST

Heide Velarde claims that she was wrongfully arrested by Ofc. Brian Baumgartner and Ofc. James Martin. To establish this claim, Heide Velarde must prove all of the following:

1. That Ofc. Brian Baumgartner and/or Ofc. James Martin arrested Heide Velarde without a warrant;

2. That Heide Velarde was actually harmed; and

3. That Ofc. Brian Baumgartner and/or Ofc. James Martin's conduct was a substantial factor in causing Heide Velarde's harm.

1

## JURY INSTRUCTION NO. 20:  STATE LAW PROBABLE CAUSE

2
3

Ofc. Brian Baumgartner and/or Ofc. James Martin claim the arrest was not wrongful because he had the authority to arrest Heide Velarde without a warrant.

4
5
6
7

If Ofc. Brian Baumgartner and Ofc. James Martin prove that an objectively reasonable police officer would conclude there is a fair probability that Heide Velarde had committed or was committing a crime, then Ofc. Brian Baumgartner and Ofc. James Martin  had the authority to arrest Heide Velarde without a warrant.

8
9

Under California law, it is a crime to resist, delay, or obstruct a police officer in the lawful exercise of his duties.

10
11

Under California law, it is a crime to willfully and unlawfully use force and violence against a police officer engaged in the performance of his duties.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 21:  PROOF OF DAMAGES & MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Heide Velarde on her excessive force, unlawful arrest, assault, battery and/or false arrest claims, you must determine her damages.  Heide Velarde has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Heide Velarde for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider:

1.     The nature and extent of the injuries;

2.     The mental, physical, emotional pain and suffering experienced;

3.     The reasonable value of necessary medical care, treatment, and services received to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 22:  MITIGATION OF DAMAGES

Heide Velarde has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Ofc. Brian Baumgartner and Ofc. James Martin have the burden of proving by a preponderance of the evidence:

        1.      that Heide Velarde failed to use reasonable efforts to mitigate damages; and

        2.      the amount by which damages would have been mitigated.

**JURY INSTRUCTION NO. 23:  NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for Heide Velarde but you find that she has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24:  USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any app, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

**JURY INSTRUCTION NO. 25:  DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 26:  COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## JURY INSTRUCTION NO. 27:  RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.